IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**NANODETEX CORPORATION,**

    Plaintiff,

v.                                                                         Civ. No. 05-1041 BB/LAM

**SANDIA CORPORATION, DEFIANT
TECHNOLOGIES, RONALD MANGINELL, DOUG
ADKINS, and PATRICK LEWIS,**

    Defendants;

**SANDIA CORPORATION,**

    Defendant-Counterclaimant,

v.

**NANODETEX CORPORATION, ALAN P.
SYLWESTER, and ANGELO L. SALAMONE,**

    Counterdefendants;

**DEFIANT TECHNOLOGIES,**

    Defendant-Counterclaimant,

v.

**NANODETEX CORPORATION, ALAN P.
SYLWESTER, and ANGELO L. SALAMONE,**

    Counterdefendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court for consideration of a motion for summary judgment (Doc. 193) filed by Defendant Defiant Technologies ("Defiant"). Having reviewed the submissions of the parties and the applicable law, the Court finds the motion should be granted.

Defiant is a corporation incorporated by the individual Defendants in this case, Doug Adkins, Ronald Manginell, and Patrick Lewis. Plaintiff has raised two causes of action against Defiant, one for tortious interference with contract and one for conversion. Defiant moved for summary judgment, arguing that: (1) the actions relied on by Plaintiff in support of its tortious-interference claim occurred before Defiant was incorporated, and Defiant is therefore not liable for those actions; and (2) Defiant has not taken or obtained any property or anything of value belonging to Plaintiff, and cannot be liable for conversion.

**Standard of Review**

Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Medina v. Income Support Div.*, 413 F.3d 1131, 1133 (10th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). In response, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith*, 475 U.S. 574, 587-88 (1986). To avoid summary judgment, the nonmoving party may not rest upon the mere allegations in the pleadings but must show, at minimum, an inference of the existence of each essential element of the case. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016-17 (10th Cir. 2001) (citing *Hulsey v. K-Mart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). When viewing the evidence, the Court must draw reasonable inferences in favor of the non-moving party. *Matsushita*, 475 U.S. at 587. The Court will address Defiant's motion with these standards in mind.

**Discussion**

**Tortious Interference With Contract:** Plaintiff argues that Defiant impermissibly interfered with the license agreement between Plaintiff and Defendant Sandia Corporation

("Sandia"). Plaintiff maintains that Defiant was attempting to enter into its own license agreement with Sandia, and wanted to license, at least in part, the same technology that was included in Plaintiff's exclusive license agreement. According to Plaintiff, Defiant's interference caused Sandia to wrongfully declare that Plaintiff had failed to meet a performance milestone established by the agreement, and that its exclusive rights under that agreement would be terminated. In other words, Plaintiff contends Defiant caused Sandia to breach its contract with Plaintiff so that Defiant could license technology that formerly had been part of Plaintiff's exclusive license.

Defiant, in its motion for summary judgment, argues that even if Sandia did commit a breach of contract, that breach occurred before Defiant was incorporated. Therefore, according to Defiant, it cannot be liable for any interference with the license agreement between Sandia and Plaintiff. To avoid this result, Plaintiff attempts to impute the alleged wrongdoings of the individual Defendants in this case, Defiant's incorporators, to Defiant itself. Plaintiff contends Defiant is liable for the claimed pre-incorporation torts committed by the individual Defendants, because they were committed on behalf of Defiant.[1]

The general rule is that a corporation is not liable for torts committed by its promoters or incorporators before the corporation came into existence. *See* 1A *Fletcher Cyclopedia Corporations*, § 218, p. 468 (2002); *see also, e.g., Pioli v. Town of Kirkwood*, 499 N.Y.S.2d 266, 267 (N.Y.A.D. 1986) (corporation properly dismissed from action where it did not come into existence until two years after alleged tort was committed); *Goodbody & Co., Inc. v. Rigel*, 339 So.2d 272, 274 (Fla.App. 1976) (absent express or implied assumption of liability, corporation is

---

[1]For purposes of this motion, the Court need not decide whether an issue of fact has been raised as to whether the individual Defendants did engage in tortious behavior. That question will be addressed when the Court decides the individual Defendants' motion for summary judgment.

not liable for contractual or tort liabilities of a preexisting partnership); *Fisk v. Leith*, 3 P.2d 535 (Or. 1931) (corporation could not be held liable in damages for act of incorporator prior to organization of the corporation). Exceptions to this rule may exist if the corporation is the result of a merger with a different corporation, or ratifies the actions of its promoters after it is incorporated by accepting the benefits of those actions or otherwise, or assumes the potential liabilities of the promoters.[2] *See In re Rickel & Assocs., Inc.*, 272 B.R. 74, 95 (Bkrtcy. S.D.N.Y. 2002) (prior to formation of a corporation, one incorporator allegedly engaged in securities fraud by purchasing securities worth $20,000,000 for only $3,500,000; corporation could not accept benefits of that pre-incorporation conduct while at the same time avoiding liability for it); *Investors Preferred Life Ins. Co. v. Abraham*, 375 F.2d 291, 293-94 (10th Cir. 1967) (corporation resulting from merger assumed liabilities of former corporation, including liability for fraud committed by agent of former corporation).

In this case, Defiant was incorporated after the alleged torts committed by its incorporators and is not the result of a merger with a pre-existing corporation. In addition, no evidence has been presented indicating Defiant expressly assumed liability for pre-incorporation activities by the individual Defendants. Finally, Defiant has received no direct tangible benefit as a result of the allegedly tortious activities of the individual Defendants; no shares of Defiant stock were conveyed by fraud, no assets were acquired at favorable prices as a result of fraud, and in fact Defiant has not received anything of value due to the individual Defendants' alleged interference with the contract between Plaintiff and Sandia. Therefore, it cannot be said that Defiant has ratified the conduct of the individual Defendants by accepting the benefits of that

---

[2]A corporation may also be bound by contracts entered into on behalf of the corporation by its promoters, if the corporation subsequently adopts, ratifies, or accepts the benefits of the contract. 1A *Fletcher Cyclopedia Corporations* §§ 205, 207, pp. 405-17 (2000). This case does not involve such a contract.

conduct.³ Thus, there is no basis upon which to impute the individual Defendants' pre-incorporation conduct to Defiant.

Plaintiff also contends that Defiant's argument must fail because Sandia's breach of contract, allegedly induced by the individual Defendants and Defiant, is a continuing breach, and continued past the date of Defiant's incorporation. According to Plaintiff, after Sandia allegedly breached the license agreement by wrongfully terminating Plaintiff's exclusive license to certain technology, Plaintiff requested a number of times that Sandia rescind the termination and declare that Plaintiff remained an exclusive licensee in good standing. Plaintiff contends that each refusal by Sandia to accede to these requests constituted a continuing breach of the license agreement, and that these breaches occurred after Defiant was incorporated.

There are several problems with Plaintiff's argument. First, Plaintiff has cited no evidence in the record to support the assertion in the brief that Plaintiff made "repeated requests" that Sandia "declare [Plaintiff] a licensee in good standing." Plaintiff cites only to the following evidence: (1) Sandia has continued to accept license-fee payments from Plaintiff, in 2005 and 2006, despite Sandia's declaration that the exclusive rights granted under the license agreement have been terminated [Resp. Exhs. 39, 44, 49, 50]; and (2) In June 2005, before Defiant was incorporated, Defendant Adkins exchanged e-mails with an individual, apparently a potential

---

³To the extent Plaintiff would argue that Defiant has received a benefit because Sandia terminated Plaintiff's exclusive license to certain technology and Defiant may receive a license for that same technology in the future, the Court does not agree this potential future benefit is the type of tangible benefit that may subject Defiant to liability for pre-incorporation actions by its incorporators or promoters. The latest information provided to the Court indicates Defiant has not yet entered into a license agreement with Sandia, either for the technology formerly licensed exclusively to Plaintiff or for any technology at all. This speculative, intangible benefit that may never be realized is far different from the $16,500,000 profit the corporation realized in the *Rickel* case, *supra*. For this reason, the Court will not depart from the general rule that a corporation is not liable for the pre-incorporation tortious actions of its promoters or incorporators.

investor, discussing proposed markets for the product Defiant would manufacture if it obtained licenses from Sandia; in these e-mails Adkins stated the Defiant product would use new technology that would avoid conflicts with Plaintiff's license, but he added that Plaintiff has claimed "they owned the sky" so it might be impossible to avoid such conflicts [MSJ, Exh. H, certificate of incorporation; Resp. Exh. 47].[4]  There is nothing in any of the evidentiary material cited by Plaintiff that has anything to do with requests Plaintiff might have made of Sandia, after Defiant was incorporated, concerning reinstatement of Plaintiff's exclusive license rights; similarly, there is no evidence that Sandia ever rebuffed such post-incorporation requests.[5] Therefore, Plaintiff's argument lacks evidentiary support in the record.

In addition, there is no evidence that anything Defiant or its agents did, after Defiant was incorporated, caused or induced Sandia to take any action at all with respect to Plaintiff.  In other words, even if there was evidence in this case that Sandia rejected requests that it officially rescind the purported termination of Plaintiff's exclusive-license rights, there is no evidence that any such rejections were caused or induced by Defiant or Defiant's agents.  Plaintiff has relied only on Defiant's initiation and continuation of negotiations with Sandia for a license agreement of its own, as well as the contents of Defiant's internet web site, as evidence of post-

---

[4]Plaintiff's citation to the record also includes a reference to written comments made by Defendant Lewis, in December 2005, apparently concerning a draft of a proposed license agreement between Sandia and Defiant; the Court is unable to discern the relevance of these comments to the issue at hand, and therefore has ignored this reference.

[5]In fact, there is some evidence that Sandia, despite its purported revocation of the exclusive-license rights, has continued to act as if Plaintiff retains those rights.  As noted above, Sandia continued accepting license-fee payments from Plaintiff (although it is not clear whether the payments might have solely covered Plaintiff's non-exclusive licenses).  In addition, Sandia representatives testified at various depositions that technology covered by Plaintiff's exclusive license would not be licensed to anyone else, including Defiant. [Resp., Exh. 21, Goldheim depo. pp. 127-28; Indiv. Def. Reply, Doc. 258, Exh. F, Murphy depo. pp. 183-84]

incorporation activities that constitute tortious interference with contract.[6]  In order to be actionable, however, Defiant's actions must have played an active and substantial part in causing Sandia to deny Plaintiff the benefits of its exclusive license agreement with Sandia.  *See Ettenson v. Burke*, 17 P.3d 440, 447 (N.M. App. 2000) (stating elements of tortious interference with contract).  There is no evidence that the existence of Defiant's website, or Defiant's attempts to obtain a license agreement with Sandia, have caused Sandia to take any action at all that is adverse to Plaintiff.  Defiant has not yet obtained a license to any technology from Sandia, let alone any technology licensed exclusively to Plaintiff.  Furthermore, as noted above, management personnel from Sandia have testified that no technology that is exclusively licensed to Plaintiff will be included in any license that Sandia may enter into with Defiant.  At this point, therefore, there is no evidence that Defiant's negotiations with Sandia have caused or will cause any harm to Plaintiff's contractual relationship with Sandia, whatever that relationship may be.  The actions taken by Sandia that may have been detrimental to Plaintiff's contractual rights (in particular, the purported revocation of Plaintiff's rights to the exclusive license) occurred prior to June 30, 2005, the date Defiant was incorporated.  Since there is no evidence that any further adverse actions have been taken against Plaintiff after that date, and no evidence that Defiant's negotiations or web site caused Sandia to take any action at all against Plaintiff, Plaintiff's argument must fail.

**Conversion:**  Plaintiff claims Defiant has converted Plaintiff's intellectual property, consisting of Plaintiff's exclusive license to certain Sandia technology.  Defiant's motion for

---

[6]Defiant maintains that Plaintiff has not previously raised the issue of Defiant's negotiations with Sandia as an interference with Plaintiff's contract with Sandia, and that Plaintiff should not be allowed to raise this issue now.  However, in paragraph 100 of the First Amended Complaint in this case, Plaintiff alleged that Defiant's "extensive and nearly completed negotiations with Sandia" constituted interference with Plaintiff's contractual relationship with Sandia.

summary judgment points out that Defiant has not obtained any rights from Sandia to the technology in question, and argues there must be actual dominion and control over property before there can be a conversion of that property. *See Security Pacific Financial Servs. v. Signfilled Corp.*, 956 P.2d 837, 842 (N.M.App.1998) (definition of conversion includes the unlawful exercise of dominion and control over property belonging to another).[7] In response, Plaintiff notes the ongoing negotiations between Defiant and Sandia, and argues "they clearly intend to consummate those negotiations at some point in the future." [Resp. Br., Doc. 248, p. 58]

Plaintiff cites no authority for the proposition that the possibility of, or potential for, dominion or control in the future can support an action for conversion in the present. In the Court's view, Plaintiff's claim is either a claim for conversion that is not yet ripe, because the conversion has not yet occurred, or is an action for attempted conversion. Plaintiff failed to cite any authority in support of its argument, and cursory research seems to indicate that the majority of reported cases refuse to recognize a cause of action for "attempted conversion." *See, e.g., Folkers v. American Massage Therapy Ass'n, Inc.,* 2004 WL 306913 (D.Kan. 2004, unpublished) (holding that Kansas does not recognize tort of attempted conversion, because dominion or control over property interests is not present); *Miles, Inc. v. Scripps Clinic and Research Foundation*, 810 F.Supp. 1091, 1099 (S.D.Cal.,1993) (Attempted conversion cannot support claim for breach of fiduciary duty, as it is a tort claim rather than a criminal action); *Lynn Elec. v. Automation Mach. & Dev. Corp.*, 1988 WL 62161 (E.D.Pa. 1988, unpublished) (Pennsylvania does not recognize a cause of action for "attempted conversion"); *see also* John C.P. Goldberg

---

[7]For purposes of this motion, Defiant does not argue that intellectual property cannot be the subject of an action for conversion. There is apparently authority for that proposition, and the issue may need to be addressed in connection with the individual Defendants' motion for summary judgment, but for purposes of this opinion the Court will also assume, as does Defiant, that intellectual property can be converted in the same manner as any other type of property.

and Benjamin C. Zipursky, *Unrealized Torts*, 88 Va.L.Rev. 1625, 1637 (2002) (there is no such tort as attempted conversion); *but see Prudential Ins. Co. of America v. Harry McKneeley & Son Funeral Home, Inc.*, 1996 WL 531825 (E.D.La.1996, unpublished) (appearing to recognize attempted conversion as a cause of action in Louisiana).[8]  Similarly, it is beyond dispute that a cause of action that is not ripe cannot be maintained.  *Friends Of Marolt Park v. U.S. Dept. of Transp.,* 382 F.3d 1088, 1093 (10th Cir. 2004) (ripeness is question of subject matter jurisdiction).  Therefore, summary judgment is appropriate on Plaintiff's claim for conversion against Defiant.

**Conclusion**

Based on the foregoing, Defiant's motion for summary judgment will be granted and Plaintiff's claims against Defiant will be dismissed.  The Court notes, however, that this case is unusual because Defiant's founders and sole shareholders remain parties at this time.  Should the individual Defendants remain parties for the duration of this case, and should evidence be introduced at trial that indicates Defiant has committed actionable torts against Plaintiff, the Court remains open to reinstatement of the claims raised against Defiant by Plaintiff.

**ORDER**

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the motion for summary judgment filed by Defiant Technologies, Inc. (Doc. 193) be, and hereby is, GRANTED.  This is not a final, appealable order, as it does not dispose of all claims and counterclaims present in this case.

---

[8]There is also a significant legal issue, not briefed by the parties, as to whether a nontransferable license is a proper basis for a conversion claim.  *See, e.g., Villarreal v. Moreno*, 650 S.W.2d 191, 193 (Tex. Civ. App. 1983).

Dated this 5th day of September, 2007.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE