## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

**NANODETEX CORPORATION,**

      Plaintiff,

v.                                                         Civ. No. 05-1041 BB/LAM

**SANDIA CORPORATION, DEFIANT**
**TECHNOLOGIES, RONALD MANGINELL,**
**DOUG ADKINS, and PATRICK LEWIS,**

      Defendants;

**SANDIA CORPORATION,**

      Defendant-Counterclaimant,

v.

**NANODETEX CORPORATION, ALAN P.**
**SYLWESTER, and ANGELO L. SALAMONE,**

      Counterdefendants;

**DEFIANT TECHNOLOGIES,**

      Defendant-Counterclaimant,

v.

**NANODETEX CORPORATION, ALAN P.**
**SYLWESTER, and ANGELO L. SALAMONE,**

      Counterdefendants.


### MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of a motion for partial summary

judgment (Doc. 200) filed by Defendant Sandia Corporation ("Sandia").  The motion addresses

Counts VIII and IX of Plaintiff's amended complaint; these counts were brought against Sandia

only and not against any other Defendant.  Having reviewed the submissions of the parties and

the applicable law, the Court finds the motion should be granted and Plaintiff's claims under

these counts should be dismissed.

Plaintiff and Sandia entered into a business agreement, the exact terms of which are in

dispute.  After Sandia notified Plaintiff of alleged breaches of the agreement, Plaintiff filed this

lawsuit against Sandia and other Defendants.  Count VIII of the amended complaint alleges a

common-law claim of fraud; Count IX alleges another common-law claim, for negligent

misrepresentation.  Sandia has moved for partial summary judgment on both claims.

**Standard of Review:**  Summary judgment is appropriate 'if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law.'" *Medina v. Income Support Div.*,  413 F.3d 1131, 1133 (10th Cir.

2005) (quoting Fed. R. Civ. P. 56(c)).  In response, the nonmoving party must come forward with

"specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v.*

*Zenith*, 475 U.S. 574, 587-88 (1986).  To avoid summary judgment, the nonmoving party may

not rest upon the mere allegations in the pleadings but must show, at minimum, an inference of

the existence of each essential element of the case.  *Eck v. Parke, Davis & Co.*, 256 F.3d 1013,

1016-17 (10th Cir. 2001) (citing *Hulsey v. K-Mart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)).

When viewing the evidence, the Court must draw reasonable inferences in favor of the non-

moving party. *Matsushita*, 475 U.S. at 587.

**Count VIII – Fraud:**  Plaintiff argues that Sandia falsely represented that Plaintiff would

have an exclusive right to certain technology developed by Sandia, in certain specified fields of

use.  Plaintiff maintains it relied on this false representation to its detriment.  The essential

elements required to prove fraud are (1) a representation was made as a statement of fact; (2) the

representation was untrue and was known to be untrue by the party making it, or was made

recklessly; (3) the representation was made with the intent to deceive and for the purpose of

inducing the plaintiff to act upon it; and (4) the plaintiff relied on the representation and was

induced to act upon it, resulting in injury or damage.  *Kaveny v. MDA Enters., Inc.*, 120 P.3d 854,

856 (N.M. App. 2005).

  Plaintiff's argument in support of its position that Sandia committed fraud is quite sparse.

Plaintiff does not identify a specific statement made by any Sandia official concerning the

exclusive rights promised by Sandia to Plaintiff.  Apparently, Plaintiff considers the provisions of

the license agreement between Sandia and Plaintiff to be the false representation made by Sandia,

and maintains that Sandia's alleged failure to abide by those provisions to be the result of fraud,

rather than simply a breach of contract.  Where, as here, a plaintiff claims that a party acted

fraudulently in entering into a contract and then failing to carry out the provisions of the contract,

the plaintiff bears a heavy burden to prove fraud.  It is axiomatic that a "mere breach of a

contractual provision is not sufficient to support a charge of fraud."  *Brown-Marx Assocs., Ltd. v.*

*Emigrant Sav. Bank*, 703 F.2d 1361, 1370-71 (11th Cir. 1983); *see also United States v. Shah*, 44

F.3d 285, 293 (5th Cir. 1995) (generally, no inference of fraudulent intent not to perform can be

drawn from the mere fact that a promise made is subsequently not performed); *Patrick v.*

*Summers*, 369 S.E.2d 162, 164 (Va. 1988) (evidence of mere failure to perform a contractual

obligation is insufficient as a matter of law to establish an intent to defraud at the time the

contractual promise was made).

  To avoid summary judgment, Plaintiff was required to present evidence not only that

Sandia failed to grant Plaintiff the exclusive license promised by the license agreement, but that

Sandia had no intention to grant such a license at the time it entered into the license agreement.

*See United States ex rel. Willard v. Humana Health Plan of Texas Inc.,* 336 F.3d 375, 386 (5th

Cir. 2003); *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997); *Patrick, supra*, 369 S.E.2d

at 164.  Such evidence could consist, for example, of a substantial nonperformance of the

contractual promise immediately after the contract is entered into, coupled with a lack of any

changed circumstances between the making of the promise and its alleged breach.  *See Willard,*

*supra,* 336 F.3d at 386.  Plaintiff has presented no such evidence in this case.  The license

agreement was entered into in December 2001; Sandia did not formally notify Plaintiff that it

considered Plaintiff in default of the agreement, and that Plaintiff's exclusive license rights were

in jeopardy, until April 2005.  This is hardly the type of prompt nonperformance of the exclusive

license agreement that could allow an inference that Sandia never intended to grant Plaintiff

exclusive rights.[1]  Since there is no evidence to support the claim that Sandia intended, at the

time the license agreement was signed, to refuse to honor the exclusive license, summary

judgment must be granted on Plaintiff's fraud claim.

Plaintiff faces a similar problem with respect to its claim of negligent misrepresentation.

The elements of this claim are as follows:  (1) Sandia made a material misrepresentation of fact

to Plaintiff; (2) Plaintiff relied upon that representation; (3) Sandia knew the representation was

false at the time it was made, or made the representation recklessly; and (4) Sandia intended to

---

[1]The Court notes Plaintiff's reliance on the fact that certain Sandia employees were not
happy about the fact that the microchemlab technology had been tied up by the exclusive license
granted to Plaintiff, and allegedly began encouraging Sandia management to find ways to
terminate the license agreement within two months of the date the agreement was signed.  There
is no evidence, however, that these employees were the ones who negotiated the license
agreement and therefore made the exclusive-license promise in the first place.  There is also no
evidence that Sandia took any concrete steps to terminate the exclusive license until years after it
had been granted.  Thus, no inference can be drawn that Sandia, the entity that entered into the
license agreement and thus made the promise that Plaintiff would be granted an exclusive
license, was intentionally misleading Plaintiff at the time the license agreement was signed.  It is
Sandia's intentions and actions that matter, not the intentions or actions of certain Sandia
employees whose recommendations were not followed, if at all, until years after the license
agreement was signed.

induce Plaintiff to rely on such representation. *Healthsource, Inc. v. X-Ray Associates of New Mexico*, 116 P.3d 861, 870 (N.M.App. 2005). As discussed above, however, the undisputed evidence in this case is that, at least initially, Plaintiff did receive the exclusive license promised by Sandia in the license agreement. There is no evidence that when the license agreement was signed, Sandia knowingly or recklessly misrepresented anything to Plaintiff. Even if, as Plaintiff maintains, Sandia subsequently acted in ways that lessened the exclusivity of the license, or wrongfully terminated the exclusive license, that does not raise an issue of fact as to whether the grant of an exclusive license was false at its inception. Instead, it is an issue of breach of contract rather than negligent misrepresentation.[2] *See, e.g., Next Century Comms. Corp. v. Ellis*, 318 F.3d 1023, 1027 (11th Cir.2003) (negligent misrepresentation claims must be based on a representation about a current fact, and cannot be based on "mere broken promises, unfilled prediction or erroneous conjecture as to future events.") ( per curiam) (quoting *Fuller v. Perry*, 476 S.E.2d 793, 796 (Ga. App. 1996)).

**Conclusion:** Based on the foregoing, summary judgment will be granted on Plaintiff's claims of fraud and negligent misrepresentation, and those claims will be dismissed.

### ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the motion for partial summary judgment filed by Defendant Sandia Corporation (Doc. 200) be, and hereby is, GRANTED. This is not a final, appealable order, as it does not dispose of all claims and counterclaims present in this case.

---

[2]The Court does not intend to suggest that Plaintiff has raised an issue of fact as to whether a breach of contract occurred in this case. That question will be addressed when the Court decides the parties' motions concerning the breach-of-contract claims and counterclaims.

Dated this 10th day of September, 2007.

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE