IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

DEFIANT TECHNOLOGIES, INC.,

      Plaintiff,

v.                                      No. CIV 05-1041 BB/LAM

NANODETEX CORPORATION,
ALAN P. SYLWESTER, and
ANGELO L. SALAMONE,

      Defendants.

MEMORANDUM OPINION
AND
ORDER AWARDING COSTS AND DENYING ATTORNEYS' FEES

**THIS MATTER** is before the Court on the *Application of Defiant Technologies, Inc., For Award of Costs and Attorneys' Fees* [Doc. 491] and *Nanodetex Corporation, Alan Sylwester, and Angelo Salamone's Amended Rule 60(b) Motion for Relief from Judgment* [Doc. 507], and the Court having considered all submissions of counsel, finds Defiant Technologies, Inc. ("Defiant"), as the prevailing party, is entitled to costs but not attorneys' fees.

*Discussion*

*Costs*

At the conclusion of the trial in this matter, the jury awarded Defiant $1,000,000.00 in compensatory damages for malicious abuse of process, one dollar in

nominal damages, and $1,000,000.00 in punitive damages against Counterdefendants Nanodetex Corporation, Alan P. Sylwester, and Angelo Salamone ("Counterdefendants").  Under both federal and New Mexico law, the prevailing party is entitled to all reasonable costs of prosecuting its claims.  Fed. R. Civ. P. 54(d); *Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997); Rule 54(d) NMRA (2007 Comp.); *Gilmore v. Duderstadt*, 961 P.2d 175, 187 (N.M. App. 1998).  Defiant requests $210.00 in costs for the service of process on Sylwester and Salamone and Counterdefendants make no effort to dispute this amount as unreasonable. Counterdefendants arguments as to costs in prosecuting the Counterclaim [Doc. 507, p. 8] are without merit.  *Rodriguez v. Whiting Farms*, 360 F.3d 1180, 1190 (10th Cir. 2004) (Under Rule 54 there is a presumption costs should be awarded to the prevailing party.); *Primetime Hospitality, Inc v. City of Albuquerque*, 168 P.3d 1087, 1099 (N.M. App. 2007) (same).  Defiant is therefore entitled to $210.00 in costs.

### *Attorneys' Fees*

Counterdefendants are correct that New Mexico adheres to the "American rule" which requires, absent statutory, contractual or other authority, litigants are responsible for their own attorneys' fees.  *Montoya v. Villa Linda Mall, Ltd.*, 793 P.2d 258, 259 (N.M. 1990); *Tabet Lumber Co. v. Romero*, 872 P.2d 847, 851 (N.M. 1994) ("Absent statutory authority or rule of court, attorney fees are not recoverable as an item of damages.").  However, federal courts have the inherent power to assess

attorneys' fees in narrowly defined circumstances, despite the American rule. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). A limited exception is recognized when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46; *Martinez v. Roscoe*, 100 F.3d 121, 123 (10th Cir. 1996). While Counterdefendants and their counsel have adopted an unnecessarily aggressive approach to this litigation, the jury has already exacted an appropriate price for their conduct and assessed damages based on Defiant's attorneys' fees evidence at trial. The jury has already found Counterdefendants' claims against Defiant were without legal justification and awarded punitive damages based on the same bad faith, wanton, and wilful conduct the Court would have to find to assess attorneys' fees. An additional award of attorneys' fees would thus be improper under the double-recovery standard. *See Hale v. Basin Motor Co.*, 795 P.2d 1006 (N.M. 1990). However, should Counterdefendants act in bad faith beyond the jury's verdict, the award of further attorneys' fees for the continuing unjustified abuse of the legal process may be justified in the future. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796 (5th Cir. 2003); *Vukadinovich v. McCarthy*, 59 F.3d 58 (7th Cir. 1995).

## *Conclusion*

Defiant's motion for attorneys' fees is DENIED. Defiant's motion for costs in the amount of $210.00 is GRANTED. Counterdefendants *Motion for Relief from Judgment* is DENIED.

**SO ORDERED this 9th day of May, 2008.**

_____
**BRUCE D. BLACK**
**United States District Judge**