IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

DEFIANT TECHNOLOGIES, INC.,

      Defendant-Counterclaimant,

v.                                                  No. CIV 05-1041 BB/LAM

NANODETEX CORPORATION, a Nevada corporation; ALAN P. SYLWESTER, an individual; and ANGELO L. SALAMONE, an individual,

      Counterdefendants.

## MEMORANDUM OPINION AND ORDER DENYING COUNTERDEFENDANTS' MOTION FOR NEW TRIAL, OR IN THE ALTERNATIVE, *REMITTITUR* BASED ON THE EXCESSIVENESS OF THE JURY'S VERDICT

**THIS MATTER** is before the Court on *Nanodetex Corporation, Alan Sylwester, and Angelo Salamone's Amended Rule 59(a) Motion for a New Trial, or in the Alternative, Remittitur Based on the Excessiveness of the Jury's Verdict* [Doc. 506]. After having considered all submissions by counsel, the *Motion* must be Denied.

### *Discussion*

After hearing six days of testimony including approximately one day on damages, the jury in this case returned a verdict finding Defiant had suffered $1 million in monetary damages from the malicious abuse of process by Counterdefendants who had also committed tortuous interference with prospective business relationships but

that only $1.00 nominal damages was appropriate for that injury. Based on the conduct of Counterdefendants, the jury also awarded $1 million in punitive damages.

Counterdefendants now argue that "[t]he compensatory damages verdict had no support in the evidence because:

- Lost profits based on projections which assumed that Defiant would be able to invest over $7 million in its business should not have been awarded simply because Nanodetex allegedly deprived Defiant of $230,000 of its available capital, when Defiant indisputably had no other source of funding.

- Defiant should not have been awarded attorneys' fees when it failed to proffer any evidence of the reasonableness of those fees, or any competent evidence that those fees were strictly limited to legal services rendered solely in connection with Defiant's *defense* of Nanodetex's lawsuit.

Counterdef.s Br. p. 2 (internal footnotes omitted).

Counterdefendants apparently accept that the jury found they wrongfully deprived Defiant of $230,000.00 of available capital by instituting this litigation and thus requiring Defiant to expend its capital on attorney's fees rather than the development and marketing of its product. This slowed the development of Defiant's business as evidenced by the fact that within a month of the Court granting summary judgment on the Third Party claim against Defiant, the latter was able to produce and sell both of its products. Tr. 44-45. This performance is in line with the pro forma for sales created by Patrick Lewis (Ex. AZ). Vol. VI 41-42, 44-45, 60. Mr. Lewis, however, projected that Defiant would have two years of negative balances with a total positive

return of $7,147,901.00 in the third year.  The Third Party suit against Nanodetex was terminated in what would have been the third month of that third year.  The wrongful actions of Counterdefendants, of course, limited Defiant's costs as well as its profits.

"[A]bsent an award so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the damages is considered inviolate." *Malandris v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 703 F.2d 1152, 1168 (10th Cir. 1981) (citing *Metcalfe v. Atchison, Topeka & Santa Fe Ry. Co.*, 491 F.2d 892, 898 (10th Cir. 1974); *Ketchum v. Nall*, 425 F.2d 242 (10th Cir. 1970)).  This "judicial conscience" is surely not shocked by the jury projecting the $230,000.00 Defiant actually dedicated to attorney's fees rather than product production, together with employee litigation time that would have otherwise been dedicated to its product.  Indeed, it can be defended as a rational extrapolation into a $1 million verdict.

Nor is Defiant required to prove its attorney's fees "reasonable" in this context. The fees awarded Defiant are not attorney's fees in the traditional fashion but rather a component of their damages.  This is money diverted from their business rather than fees that must be justified by their lawyers under a statutory or lodestar analysis. *DevVaney v. Thriftway Mktg. Corp.*, 953 P.2d 277, 289 (N.M. 1997), *abrogated other grds*, *Fleetwood Retail Corp. of N.M. v. LeDoux*, 164 P.3d 31 (N.M. 2007); *Owen v. Owen*, 642 S.W.2d 410, 415 (Mo. App. 1982); *American Optometric Ass'n v. Ritholz*, 101 F.2d 883

**(7th Cir. 1939);** *In re McDonald Trucking Co.*, **74 B.R. 474, 481 (W.D. Pa. 1987). It is therefore not necessary to prove they were reasonable legal fees in the traditional fashion.** *Dubowy v. Baier*, **856 F. Supp. 1491, 1498 (D. Kan. 1994);** *Display Fixtures Co., a Div. of Stein Indus., Inc. v. R.L. Hatcher, Inc.*, **438 N.E.2d 26, 32 (Ind. App. 1982).**

## *Conclusion*

**For the above stated reasons, Counterdefendants'** *Amended Rule 59(a) Motion for a New Trial, or in the Alternative, Remittitur Based on the Excessiveness of the Jury's Verdict* **is DENIED.**

**SO ORDERED this 9th day of May, 2008.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**United States District Judge**