IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

DEFIANT TECHNOLOGIES, INC.,

Defendant-Counterclaimant,

v.                                                   No. CIV 05-1041 BB/LAM

NANODETEX CORPORATION, a Nevada
corporation; ALAN P. SYLWESTER, an
individual; and ANGELO L. SALAMONE, an
individual,

Counterdefendants.


MEMORANDUM OPINION
AND
ORDER DENYING COUNTERDEFENDANTS' MOTION FOR NEW TRIAL
BASED ON EVIDENTIARY AND INSTRUCTIONAL ERROR


THIS MATTER is before the Court on *Nanodetex Corporation, Alan Sylwester,*

*and Angelo Salamone's Rule 59(a) Amended Motion for a New Trial, Based on*

*Evidentiary and Instructional Error* [Doc. 508], and the Court having considered the

submissions of the parties, finds the *Motion* is without merit and it will be Denied.

I.      Standard of Review

Where a motion for a new trial asserts that the district court erred in

determining the admissibility of evidence, the verdict must stand unless the district

court "made a clear error of judgment or exceeded the bounds of choice in the

circumstances." *Weaver v. Blake*, 454 F.3d 1087, 1091 (10th Cir. 2006). Jury

instructions must be judged as a whole and the court must "decide not whether the

charge was faultless in every particular, but whether the jury was misled in any way and whether it had understanding of the issues and its duties to determine these issues." *Wommack v. Southwest Medical Center of Oklahoma*, 97 F.3d 1466 (slip op. at 3) (10th Cir. 1996) (quoting *Patty Precision Prods. Co. v. Brown & Sharpe Mfg. Co.*, 846 F.2d 1247, 1258 (10th Cir. 1988)). In either case, the mistake alleged by the trial court must be "clearly erroneous, as well as prejudicial, and must have affected the substantial rights of the parties." *Atencio v. City of Albuquerque*, 911 F. Supp. 1433, 1437 (D.N.M. 1995) (citing *Anderson v. Phillips Petroleum Co.*, 861 F.2d 631, 637 (10th Cir. 1988)).

## *Discussion*

Nanodetex, Sylwester, and Salamone ("Counterdefendants") argue:

> The Court erred when it: (1) failed to instruct the jury on Nanodetex's advice of counsel defense; and (2) failed to instruct the jury that the dismissal of Nanodetex's claims against Defiant before trial is not competent evidence that Counter-Defendants lacked probable cause.
>
> The Court further erred when it excluded Salamone's testimony regarding the specifics of counsel for Nanodetex's advice prior to the initiation of Nanodetex's lawsuit against Defiant on the rationale that the proffered testimony was irrelevant and inadmissible.

Doc. 508 p. 1.

## II.    Advice of Counsel

Counterdefendants mischaracterize the record to support their advice of counsel claims. Initially, it is not accurate that this Court prevented Angelo Salamone from testifying regarding the specifics of the advice of Nanodetex's counsel prior to the initiation of the lawsuit against Defiant. When the testimony regarding counsel's advice

2

was offered, the Court made it clear the attorney-client privilege would have to be waived and Counterdefendants' counsel was then placing itself in peril regarding disqualification.[1] Following the Court's warning on where such testimony might lead, no further effort to have counsel's prelitigation advice was advanced.

The Counterdefendants' tendered instructions made absolutely no reference to their "advice of counsel" defense.  Nor were any additional jury instructions on this topic ever offered by them.  In the absence of clear error, a party must object to the court's jury instruction or tender its own in order to preserve the error.  *Giron v. Corrections Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999).

After reviewing the Court's proposed instructions, counsel for Counterdefendants never specifically indicated they wanted an instruction on advice of counsel.  Rather, they rely on the following exchange to support their claim of instructional error on the advice of counsel defense:

---

[1]   It is generally recognized that if an attorney will or should testify on a material issue at trial, that attorney's law firm should be disqualified from further participation in the trial.  *United States v. McKeon*, 738 F.2d 26 (2d Cir. 1984); *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.*, 866 F. Supp. 1297 (D. Colo. 1994).  After the Court limited Mr. Salamone's hearsay testimony, the following exchange occurred:

> MR. MICHELS: Well, if the witness is testifying as to why the board acted –
> THE COURT: Well, that's different.  Not anything about what's in the legal advice.
> MR. MICHELS: No.  And I'll tell him –
> THE COURT: You may now be a witness, or somebody at McGuire Woods is being set up to be a witness.
> MR. MICHELS: I don't believe it goes to the level.
> MR. BURRIS: I believe he waived the privilege.
> MR. MICHELS: The witness is going to waive the privilege and can testify to this.  This is a recognized defense under –
> THE COURT: I agree with that, no question about that.  The question is whether it's hearsay.  I'll permit him to testify why they took the actions they did.  And you know where we're going with this, and everybody is fully apprized.

Tr. 844.

3

MR. BAUMAN: In addition, Your Honor, we would ask that there be an instruction on the existence of probable cause by using the [R]estatement Section 675.

THE COURT: Mr. Burris?

MR. BURRIS: I'm not sure what that statement would be. I think that the requirement here – I mean, again, in addition to the fact that we never saw anything about this prior to this point, and certainly they knew about the advice of counsel for years at this point – but the point is that they still had to have a reasonable basis for their belief in the underlying facts. And that's what this case says. If they want to use the fact that they talked to counsel as part of that, that's certainly their prerogative in the argument. But I don't think it's necessary to go into the instruction itself.

MR. BAUMAN: Your Honor, the instruction talks about probable cause. I believe the jury would be well – would benefit from an instruction on the existence of probable cause. And I believe that that's what the [R]estatement does.

THE COURT: I'll let you make that in closing argument. I don't think it's required here. And I think in some respects, as I indicated earlier, the [R]estatement is contrary to New Mexico law.

Tr. 881-82.

This amorphous exchange is clearly insufficient to alert the Court to the position that an advice of counsel instruction was required, as now advanced by Counterdefendants. *Giron*, 191 F.3d at 1289; *Dunn v. St. Louis-San Francisco Ry. Co.*, 370 F.2d 681, 684 (10th Cir. 1966). Moreover, even if Counterdefendants had alerted the Court to their position, they would not have likely been entitled to an advice of counsel instruction. As discussed in some detail in the Court's *Memorandum Opinion* denying Counterdefendants' *Motion for Judgment as a Matter of Law, or in the Alternative, a New Trial Based on Insufficiency of Evidence* [Doc. 505], they produced no evidence that they performed a reasonable pretrial investigation sufficient to

support the advice of counsel defense. *See Chipouras v. AJ&L Corp.*, 290 S.E.2d 859, 861 (Va. 1982). However, since neither counsel raised the adequacy of the evidence on the issue, Counterdefendants were allowed to introduce evidence and argue to the jury on this theory. The jury was apparently not persuaded.

III.   **Probable Cause**

Once again, Counterdefendants misperceive the state of the record. Counterclaimant Defiant did not argue, and this Court did not hold, that the Court's summary judgment dismissing Nanodetex's claims against Defiant was clear evidence that Nanodetex lacked probable cause. Rather, after producing no evidence of a pre-filing investigation, both Defiant and the Court placed the burden on Nanodetex to prove the advice of counsel theory on which they relied to create probable cause.

Defiant's counsel did not argue to the Court or the jury that it was the dismissal of Counterdefendants' claim that showed Counterdefendants lacked probable cause. (Counterdefs. Br. at 5). To the contrary, in their opening Defiant's counsel argued to the jury that Counterdefendants' "theories just didn't fly. In fact, they were just flat out wrong. And had Nanodetex done some sort of pre-filing investigation, they would have seen that was wrong." Tr. 42. In closing, Defiant's counsel reiterated that "part of the misuse of process is a lack of probable cause. And the Court instructed you that turns on the reasonable pre-filing investigation. And certainly there is no evidence here

that there was a reasonable basis for bringing the suit or that [Counterdefendants engaged in] any reasonable pre-filing investigation occurred."  Tr. 900.

## IV.   Defiant's Pro Forma was Properly Admitted

Defiant disclosed its pro forma financial projections well before trial.  Under the Court's standard instructions, Counterdefendants were to submit any objections that could be addressed before trial (*e.g.*, authenticity, *Daubert*, best evidence). Counterdefendants filed a motion "in limine" to exclude the pro forma exhibit only on the ground it was not supported by expert testimony under Federal Rule of Evidence 702.  That objection was denied as expert testimony is not required to support a pro forma projection by someone familiar with the company. *See Bennett v. Emerson Elec.*, 64 Fed. App'x 708, 714 (10th Cir. 2003).

During trial Counterdefendants advanced the same objection they make now, *i.e.*, that Exhibit AZ has evidence of both Government and non-Government sales. Following a hearing, the Court ruled that Defiant "could go forward with damages based on the Government sales that you've had thus far."  Tr. 967.  Defiant revised its pro forma over the weekend and came forward with Exhibit BA.  The Court gave Codefendants the choice of allowing the jury to see the original Exhibit AZ, which had been already ruled admissible, or Exhibit BA, which had been redacted to exclude the private sales projections to which they now object.  Tr. 22-3.  Having rejected the option of having the projections for private sales excluded (Exhibit BA),

Counterdefendants cannot now complain these sales should have been excluded. *United States v. Dean*, 76 F.3d 329, 332 (10th Cir. 1996).

**V.      Defiant Sales of Canary I and Chem Simple were Relevant to Damages**

The Court allowed evidence on damages only after the jury returned its verdict finding Counterdefendants liable for malicious abuse of process.  Counterdefendants now object on two grounds: (1) that evidence was excluded during the liability phase as irrelevant to the licensing issue, so it should have been excluded on damages also; and (2) since Nanodetex did not have exclusive rights on Government sales, its actions cannot have inhibited Defiant from making such sales.

Counterdefendants argue that since the sales of the Canary I and Chem Simple were not relevant to liability on the licensing dispute, they could not be relevant on damage issues.  In separating the liability and damages issues, one of the Court's goals was to minimize jury confusion. *See Huddleston v. Pohlman*, 2007 WL 647335 (C.D. Ill.); *cf. Biocore, Inc. v. Khosrowshahi*, 80 Fed. App'x 619 (10th Cir. 2003) (party challenging evidence must explain why it should not be admitted for different purposes).  While Defiant's actual sale of these products did not prove the firm's licensing relation to Sandia, but the sales were the foundation for, and thus relevant to, the pro forma damage projection.  It is axiomatic evidence not relevant to one issue can clearly be relevant for another purpose. *Swinton v. Potomac Corp.*, 270 F.3d 794, 811-12

(9th Cir. 2001); *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250 (5th Cir. 1980).

It is true Nanodetex did not have exclusive rights to market a chemical detector to the Federal Government.  However, it does not follow that its actions in wrongfully filing a legal claim to pressure Defiant to share its technology could have no effect on Defiant's ability to create and market their competitive products.  Indeed, Counterdefendants' argument completely ignores the rationale underlying abuse of process claim in the commercial context.  Rather than being able to develop and market their Canary and Chem Simple products, Defiant's time and resources were drained into the wrongful litigation initiated by Counterdefendants.  Defiant founder, Patrick Lewis, testified:

> A.    Well, the – we spent a lot of money on attorney's fees for the past two years defending the claims that they had launched against us.  In addition, we have lost a lot of money in terms of sales for Defiant to the Federal Government.  ...  That money that we have been putting into attorney's fees we would have rather been putting into the company to buy equipment, to buy materials to buy parts to build the equipment so that we can make sales to the Federal Government.

VI 36, 37.  *See also* Atkins, VI 111-12.

Whether Counterdefendants could legally bar Defiant from seeking Government contracts, then, misses the point.  The practical effect of their wrongful litigation was exactly what Alan Schwartz threatened, that Counterdefendants were "going to keep the technology tied up – the litigation tied up for years."  Tr. 691.  The fact that this was

accomplished by drawing the vast majority of Defiant's time and money into the litigation rather than legally proving an exclusive license for Nanodetex serves only to highlight the wrongful motivation of the counterclaim.

### *Conclusion*

For the above stated reasons, Counterdefendants' *Rule 59(a) Amended Motion for a New Trial Based on Evidentiary and Instructional Error* is DENIED.

SO ORDERED this 9th day of May, 2008.

_____
**BRUCE D. BLACK**
**United States District Judge**