**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**__________**

**NANODETEX CORPORATION, a Nevada corporation,**

**Plaintiff,**

**v.** **No. CIV-05-1041 BB/LAM**

**SANDIA CORPORATION, a New Mexico corporation, DEFIANT TECHNOLOGIES, RONALD MANGINELL, an individual, DOUG ADKINS, an individual, and PATRICK LEWIS, an individual,**

**Defendants.**

**SANDIA CORPORATION, a Delaware corporation,**

**Counterclaimant,**

**v.**

**NANODETEX CORPORATION, a Nevada corporation,**

**Counter-Defendant.**

**DEFIANT TECHNOLOGIES, INC., a Delaware corporation,**

**Counterclaimant,**

**v.**

**NANODETEX CORPORATION, a Nevada corporation, ALAN P. SYLWESTER, an individual, and ANGELO L. SALAMONE, an individual,**

**Counter-Defendants.**

**MEMORANDUM OPINION SUPPORTING ORDER DENYING MOTION TO AVOID ATTORNEYS' FEES**

**THIS MATTER is before the Court on the Motion of Counterclaimant Defiant Technologies, Inc. for Attorneys' Fees and Costs[1] (doc. 546). After considering all proper submissions of counsel,[2] the Court declines to grant this Motion.**

***Discussion***

**On October 14, 2005, Nanodetex filed an amended complaint against Defiant alleging tortious interference with a business relationship. Counter-Plaintiff Defiant Technologies filed a counterclaim against Nanodetex, Alan Sylwester, and Angelo Salamone (hereinafter "Counter Defendants" or collectively "Nanodetex") alleging *inter alia* malicious abuse of process; defamation, tortious interference with prospective business relationships, prima facie tort, and civil conspiracy.**

**This Court granted Defiant's motion for partial summary judgment and dismissed Nanodetex's tortious interference and conversion claims, and the case proceeded to trial. At the conclusion of the liability phase, the Court granted Nanodetex's motion for directed verdict on defamation, prima facie tort, and civil conspiracy.**

---

1 Although the caption of the pleading references costs, Defiant only states it incurred $2,021.50 in costs on appeal and provides no documents in support of this claim.

2 The Court found it unnecessary to review the unauthorized "Supplement to Response" [doc. 253] filed by the Nanodetex Defendants. Defiant's Motion to Strike and seeking sanctions [doc. 254] is therefore moot.

**On November 21, 2007, the Court entered an amended judgment based on the jury's verdict awarding Defiant damages for malicious abuse of process and tortious interference with prospective business advantage, and punitive damages.**

**Nanodetex took an appeal to the Tenth Circuit Court of Appeals challenging many of this Court's rulings including: the denial of summary judgment; numerous evidentiary and legal rulings at trial; and the denial of all of its post-trial motions. The Tenth Circuit affirmed the verdict and judgment in all particulars.**

**The parties spend the majority of their briefing ink on whether this Court has the authority to order attorneys' fees following appeal and remand. Nanodetex is correct that this Court does not have the authority to award attorneys' fees pursuant to Federal Rule of Appellate Procedure 38 which begins, "If a court of appeals determines ...." Fed. R. App. P. 38. Defiant is correct when it counters that this Court has the inherent authority to impose attorneys' fees as a sanction for the bad faith conduct of the litigation including taking an unjustified appeal. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 56 (1991); *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1531 (Fed. Cir. 1995). Use of the Court's inherent authority to impose attorneys' fees is to be legally analyzed as the imposition of a sanction. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *Primus Automotive Financial Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). And, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.**

**Merely because a claim has been found to lack merit at trial does not mean an appeal of this finding is itself sanctionable. *White v. General Motors Corp.*, 908 F.2d 669, 674 (10th Cir. 1990). Rather, bad faith is typically required to support an award of attorneys' fees. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975); *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1287 (10th Cir. 1986). "An award of attorneys' fees under the bad faith exception to the American rule 'is punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice.'" *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1488 (10th Cir. 1984) (quoting *United States v. Standard Oil of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979)). Indeed, "[i]nvocation of the bad faith exception to the normal federal rule that attorneys' fees may not be recovered requires more than a showing of a weak or legally inadequate case." *Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir. 1981) (quoting *Americana Indus., Inc. v. Wometco de Puerto Rico, Inc.* 556 F.2d 625, 628 (1st Cir. 1979)). "A party acts in bad faith only when the claim brought 'is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.'" *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984) (quoting *Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1088 (2d Cir. 1977).**

**Defiant argues that "[t]here can be little doubt that the intent of Nanodetex in pursuing their appeal was merely an extension of the bad faith this Court identified during the trial and pre-trial phases of this litigation and the malicious abuse of process**

**for which the jury found Nanodetex liable." (Defiant Mot. p. 3). This Court, however, did not find the facts so clear as to support the grant of a judgment as a matter of law. Fed. R. Civ. P. 50. Indeed, in response to the Nanodetex motion, Mr. Burris argued merely that Defiant had "met the standard to proceed to the jury." (Tr. 751). The Tenth Circuit also expressly noted "[t]he record before us is surely susceptible to competing views." (Slip op. p. 11). Merely because arguments are determined to be meritless does not mean they are frivolous or in bad faith. *Lewis v. Circuit City Stores*, 500 F.3d 1140, 1154 (10th Cir. 2007); *Autorama Corp. v. Stewart*, 802 F.2d at 1288. It is true that the original docketing statement filed by Nanodetex listed sixteen issues and nine were eventually briefed. Some of the nine were clearly frivolous (*i.e.*, whether it was reversible plain error to admit Defiant's pro forma profit statement to which Nanodetex failed to even object at trial). However, because poorly chosen or even frivolous issues are mixed into an appeal with colorable issues does not require a finding of bad faith. *White v. General Motors Corp.*, 908 F.2d at 675. Rather, the appeal must be judged as a whole and recognizing it required a thoughtful and lengthy analysis by the Tenth Circuit. This Court therefore cannot find the appeal as a whole was "entirely without color and has been asserted wantonly for purposes of harassment or delay." *Sterling Energy*, 744 F.2d at 1235.**

______________________________

**BRUCE D. BLACK**
**United States District Judge**